# Court of Appeals
# of the State of Georgia

ATLANTA,___October 18, 2017_____

*The Court of Appeals hereby passes the following order:*

## A17A0703. CLAYTON COUNTY BOARD OF TAX ASSESSORS v. ALDEASA ATLANTA JOINT VENTURE.

This case involves a dispute regarding the imposition of ad valorem tax by Appellant Clayton County Board of Tax Assessors (the "Board") on the interest held by Appellee Aldeasa Atlanta Joint Venture ("Aldeasa") pursuant to a lease agreement that permitted Aldeasa to operate a retail business at the Hartsfield-Jackson Atlanta International Airport (the "Airport"). Aldeasa contended in the trial court that OCGA § 6-3-21 (1985)[1] is unconstitutional if interpreted to impose an ad valorem tax on usufructs at the Airport, arguing that the statute would violate the Uniformity Clause of the Constitution of Georgia, Ga. Const. of 1983, Art, VII, Sec. I, Par. III, and that the 1983 amendment to OCGA § 6-3-21 violates Ga. Const. of 1983, Art. III, Sec. V, Par. III.

The Superior Court of Clayton County held, inter alia, that

OCGA § 6-3-21 . . . was never intended to impose [ad valorem] tax on usufructs located at the [A]irport. If OCGA § 6-3-21 were interpreted to authorize such taxes on usufructs, the statute would violate the Georgia Constitution's requirement of uniformity of taxation and would have to be declared unconstitutional. Per the Constitution, uniformity requires

---

[1] This appeal involves the 2011 and 2012 tax years, such that the 1985 version of the statute applies.

that property in one location must be taxed the same as property in another location. Thus, only taxing usufructs at the [A]irport is a violation of uniformity.

The Board contends on appeal that the trial court erred in finding that OCGA § 6-3-21 (1985) would violate the uniformity clause if it imposed ad valorem tax on Aldeasa's interest at the Airport. Aldeasa contends on appeal that OCGA § 6-3-21 (1985) does not authorize the imposition of ad valorem tax on its interest at the Airport, and again argues that if it does authorize such tax, it is unconstitutional, for the same reasons argued in the trial court. Aldeasa moves this Court to transfer this case to the Supreme Court of Georgia.

Under our Constitution, the Supreme Court has appellate jurisdiction over "all cases in which the constitutionality of a law . . . has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). Accordingly, this appeal is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*C l e r k ' s O f f i c e ,*
*Atlanta,___10/18/2017_____*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*